(Reap. Dec. 10774)

BERBEN CORP. ET AL. *v.* UNITED STATES

Entry No. 884827, etc.

(Decided June 10, 1964)

*Barnes, Richardson & Colburn* for the plaintiffs.
*John W. Douglas*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: The appeals for a reappraisement enumerated in the schedule, attached to and made a part of the decision herein, present the question of the proper value for dutiable purposes of certain pistols and parts thereof and fittings therefor.

The parties hereto have submitted the appeals for decision on a stipulation of facts which reads as follows:

That the appeals for reappraisement listed in Schedule "A" hereto attached and made a part hereof are limited to the merchandise described on the invoices as pistols, with or without other words of description, and parts thereof and fittings therefor, and exported by the firm of Pietro Beretta, Italy.

That the issues are similar in all material respects to the issues involved in *Berben Corporation* v. *United States*, Reap. Dec. 10552, and that the record therein may be incorporated herein.

That at the time of exportation such or similar merchandise was not freely offered for sale for home consumption in Italy or for exportation to the United States, and was likewise not freely offered for sale in the United States.

That at the time of exportation the cost of production of the merchandise involved herein, as defined in Sec. 402(f), Tariff Act of 1930, was the entered value.

Upon the record before the court, I find and hold that cost of production, as that value is defined in section 402a(f) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165 (19 U.S.C. § 1402(f)), is the proper basis of value for the pistols and parts thereof and fittings therefor in issue and that said value is represented by the entered value.

As to all other merchandise, the appeals are dismissed.

Judgment will be entered accordingly.